IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Freeman, ) | CIVIL ACTION NO. 9:12-3280-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| John R. Pate, Warden; Captain DeLoach; ) | |
| Doctor Thomas E. Byrnes, Jamie D. ) | |
| Spalding, Nurse; Pamela C. Derrick, ) | |
| Nurse Director; Tina G. Thames, Nurse; ) | |
| Allison Atkinson, Nurse; and South ) | |
| Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate with the South Carolina Department of Corrections (SCDC),[1] alleges violations of his constitutional rights by the named natural Defendants, all employees of the SCDC. In an amendment to his Complaint filed January 9, 2013 (granted January 15, 2013) Plaintiff added the SCDC as a party Defendant under a negligence theory pursuant to the South Carolina Tort Claims Act (SCTCA).

---

[1] Plaintiff has, since the filing of this action, been released from custody. See Court Docket No. 26 (Notice of Change of Address); see also Plaintiff's Memorandum in Opposition, p. 4.

- 1 -



The named natural Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., on January 23, 2013.[2]  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 29, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted.  Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on February 19, 2012.

Defendants' motion is now before the Court for disposition.[3]

**Allegations of the Complaint**

Plaintiff alleges in his Verified Complaint[4] that (at this time this action was filed) he was an inmate at the Allendale Correctional Institution, part of the SCDC system.  Plaintiff alleges that on November 8, 2011 he was assaulted by another inmate named Cole, resulting in injuries to his head and left eye.  Plaintiff alleges that this has resulted in blurred vision and daily "head troubles".  Plaintiff alleges he was seen by the Defendant Nurse Thames who told him that there would be "swelling".  Plaintiff alleges that he was not properly evaluated or diagnosed by Nurse Thames and grieved the matter, during which the Defendant Dr. Thomas Byrne stated that during the examination of November 8, 2011 Plaintiff had not complained about eye problems.  Plaintiff

---

[2]This motion does not appear to have been filed on behalf of the SCDC, which has also yet to file a responsive pleading in the case.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The natural Defendants have filed a motion to dismiss.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



also alleges that he was told by the Defendant John Pate (the Warden) that if he was experiencing eye problems, he should sign up for sick call. However, Plaintiff reiterates that he told Thames on November 8, 2011 that he had been hit in the head and "temple", and that although he had waited to see the Defendant Byrne, Byrne had refused to see him.

Plaintiff alleges he was seen again in sick call on December 30, 2011 by a "Nurse Jones". Plaintiff was still complaining about his left eye hurting and blurred vision. Plaintiff alleges that the Defendant Pate failed to address this matter out of retaliation, and that it was not until January 4, 2012, that the Defendant Dr. Byrne finally decided to see him, at which time Byrne advised him that he might have nerve damage as a result of the assault of November 8, 2011. Plaintiff alleges that he has continued to repeatedly complain about his eye and head injuries on various occasions throughout 2012, but that Dr. Byrne has told him that he will not get any help for damages to his eye or head because he has less than two (2) years left on his sentence. Plaintiff has asked to see a specialist or an eye doctor for his complaints, but has been refused. Plaintiff alleges that (at the time of the filing of the Complaint) it had been "nearly 1 year" since his injuries, that his left eye is still blurred, and that he suffers from consistent and sharp pain where he was hit in the temple and head.

Plaintiff alleges that after receiving a response to his Step 2 Grievance appeal,[5] the

---

[5] This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

- 3 -



Defendant Captain DeLoach came up to him in the cafeteria and laughed at him, to which Plaintiff responded by telling DeLoach that he did not fear him or anyone else they "sen[t] at me". Plaintiff additionally alleges that he has not had his medications refilled or reordered properly on various occasions, either because Dr. Byrne had gone on vacation and not ordered his refills and/or had instructed the nurses not to refill his prescriptions, forcing Plaintiff to endure a significant amount of time without his prescription medication (apparently primarily Ibuprofen). Plaintiff alleges that he repeatedly complained to the Defendant Nurse Atkinson, who refused to order him refills and also told him that it was "Dr. Byrne fault". Plaintiff alleges he grieved this conduct as well.

Plaintiff alleges that on one occasion he was at the nurse station having his vital signs taken by a Nurse "Fishburn", when the Defendant Nurse Derrick entered the nurse's station and ordered Fishburn to discontinue treating the Plaintiff and for Plaintiff to leave the medical office. Plaintiff alleges that Nurse Derrick is "fully aware" that he suffers from a variety of medical abnormalities, including spinal cord issues, spinal stenosis, degenerative problems (apparently concerning his discs), that he is an epileptic, and that he suffers from "annuglar" tears, and that in addition to failing to render him care for these ailments, the Defendants Derrick and Thames have also made "threatening statements" towards him. Plaintiff further alleges that the medical Defendants refuse to provide him care for his impairments out of retaliation for Plaintiff filing grievances.

Plaintiff also alleges that the Defendants knew that inmate Cole had mental issues or problems and would "cause damage to me", noting some of Cole's history of violence including that he had knifed someone in the face in the cafeteria, but that the Defendants (in particular the Defendant DeLoach) allowed Cole access to the Plaintiff out of retaliation for Plaintiff filing



grievances.

Plaintiff alleges that all of his grievances concerning these various issues have been mishandled, primarily by the Defendant Pate.[6] Plaintiff also alleges that he is not being allowed proper access to photocopies (apparently for legal proceedings), which he also has grieved; that the Defendants Byrne and Spalding (another Nurse) "celebrated the death of his nephew", and that he has repeatedly received "threats" from Byrne and Spalding.

Plaintiff seeks monetary damages for the Defendants' allegedly improper conduct, as well as proper medical care for his impairments. Plaintiff has attached to his Complaint numerous exhibits, including medical summaries and grievances. See generally, Verified Complaint, with attached Exhibits.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard, although the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts

---

[6] Plaintiff also refers in his Complaint to an individual named "Brunson" handling his grievances, although this individual is not listed as a Defendant in this case.



which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue in their motion to dismiss that Plaintiff has failed to state a claim upon which relief can be granted because the grievances attached to his Complaint show that Plaintiff's grievances were considered and investigated in a timely manner, and that Plaintiff was treated by the medical staff on multiple occasions. Defendants further argue that Plaintiff's claims of retaliation are "ridiculous at best", and that "[t]here is no evidence whatsoever . . . that any retaliatory action s were taken against [the Plaintiff] or that his medical treatment was deficient in any way". However, after careful review of the Complaint pursuant to the standards for a Rule 12 motion to dismiss, the undersigned concludes that Defendants' contentions are for the most part without merit[7].

First, Plaintiff alleges in his Complaint and in his attached exhibits that he was assaulted by another prison inmate even though the Defendants knew that he constituted a danger, and that the Defendants failed to take proper actions to protect him or to address his complaints. These allegations state a plausible failure to protect claim, as Plaintiff has alleged that the

---

[7]It may be worth noting, in case the Defendants and/or defense counsel were not aware, that all pro se prisoner lawsuits filed pursuant to 28 U.S.C. § 1915 (which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit) are automatically reviewed upon filing to ensure that any claims based on a meritless legal theory can be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989); see also 28 U.S.C. § 1915(e)(2)(B)(i), (ii) [Allowing the District Court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious"]. Therefore, prior to this case even being served, it was reviewed by the Court to confirm that it stated a claim before service was authorized.



Defendants were deliberately or callously indifferent to a known substantial risk of serious harm to him. See Sarratt v. Daughtery, No. 06-3422, 2007 WL 2406784, at * 2 (D.S.C. 2007), citing Farmer v. Brennan, 511 U.S. 825 (1994); Woodhouse v Virginia, 487 F.2d 889, 890 (4th Cir. 1973)[Prisoners have an Eighth Amendment right to reasonable protection from violence by fellow inmates]. Plaintiff has also alleged that the Defendants failed to provide him with proper medical care for his injuries suffered as a result of an inmate attack as well as for various other impairments, including withholding needed medications from him. These allegations sufficiently set forth a constitutional claim for deliberate indifference to Plaintiff's serious medical needs. See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) [A defendant acts with deliberate indifference if he or she knows of and disregards an excessive risk to inmate health or safety.], quoting Farmer, 511 U.S. at 837; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). Finally, Plaintiff alleges that the Defendants have engaged in the cited conduct as retaliation for Plaintiff filing grievances. Retaliation against a prisoner for filing suits or grievances is actionable under § 1983. See Black v. Lane, 22F.3d 1395, 1399 (7th Cir. 1994) (collecting cases); cf. Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). Therefore, Plaintiff has stated a viable retaliation claim. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleading allegations in the plaintiff's favor, it appear certain that the Plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"] (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

    While Plaintiff will still have to submit *evidence* sufficient to establish that the Defendants (or any one of them) were deliberately indifferent to a known risk of harm to him and/or



retaliated against him to survive a properly supported motion for summary judgment, the allegations of Plaintiff's Complaint are sufficient to state a claim with respect to these causes of action so as to allow his case to go forward.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; cf. Slade, 407 F.3d at 248 ["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards, 178 F.3d at 244; see also Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)[Court may consider exhibits to a pleading in assessing its sufficiency], citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991); Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009)[Prison warden may be liable under § 1983 if the warden is personally involved in, or directly responsible for, the prisoner's plight].  Therefore, the Defendants are not entitled to dismissal of Plaintiff's Complaint on the ground that Plaintiff has failed to state a claim with respect to these causes of action.  Rule 8, Fed.R.Civ.P. [stating that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

        However, the undersigned does find that, to the extent Plaintiff has intended to assert



a claim for denial of access to the courts, he has failed to set forth sufficient factual allegations in the Complaint to support this claim. The only allegations in the Complaint which could apply to this claim are Plaintiff's allegations about not receiving some unidentified photocopies that he wanted. Plaintiff cites to no pending litigation, nor any harm he incurred in any such litigation as a result of having been denied photocopies by any named Defendant. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Hause v. Vaught, 993 F.2d 1079, 1084-1085 (4th Cir. 1993); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) [Dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury]. This claim should therefore be dismissed. Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)["Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; see Lewis v. Casey, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue]; Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Ashcroft, 129 S.Ct. at 1949 [Plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face"].

    Finally, although it does not appear that the motion to dismiss has been filed on behalf of the Defendant SCDC, Defendants' motion does correctly note that, to the extent Plaintiff is asserting a state law medical malpractice claim pursuant to the South Carolina Tort Claims Act, in order to pursue such a claim Plaintiff is first required to provide an expert affidavit together with a notice of intent to file suit. See S.C. Code Ann. § 15-79-125(A). Plaintiff has failed to provide



the requisite notice and affidavit, and in fact affirmatively represents in his memorandum in opposition to Defendants' motion that he is not pursuing a medical malpractice claim. See Memoranda in Opposition, p. 3. Therefore, to the extent that the Complaint could be construed to encompass a claim against the SCDC for medical malpractice, that claim should be dismissed. Cf. Ranucci v. Crain, 723 S.E.2d 242, 248 (S.Ct.App. 2012)[Upholding the dismissal of a case where the Plaintiff failed to comply with the statutory filing requirements].

## Conclusion

Based on the foregoing, it is recommended that, to the extent Plaintiff has intended to assert a constitutional claim of denial of access to the courts, that that claim be **dismissed**. Plaintiff's state law medical malpractice claim asserted against the Defendant SCDC should also be **dismissed** for the reasons stated. In all respects, the Defendants' motion to dismiss should be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 22, 2013
Charleston, South Carolina



- 10 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

- 11 -

