IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Freeman, | ) CIVIL ACTION NO. 9:12-3280-DCN-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| John R. Pate, Warden; Captain DeLoach; | ) |
| Doctor Thomas E. Byrnes, Jamie D. | ) |
| Spalding, Nurse; Pamela C. Derrick, | ) |
| Nurse Director; Tina G. Thames, Nurse; | ) |
| Allison Atkinson, Nurse; and South | ) |
| Carolina Department of Corrections, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate with the South Carolina Department of Corrections (SCDC),[1] alleges violations of his constitutional rights by the named natural Defendants, all employees of the SCDC. In an amendment to his Complaint filed January 9, 2013 (granted January 15, 2013) Plaintiff added the SCDC as a party Defendant under a negligence theory pursuant to the South Carolina Tort Claims Act (SCTCA).

Plaintiff has filed a motion for a default judgment against the Defendant Tina

---

[1] Plaintiff has, since the filing of this action, been released from custody. See Court Docket No. 26 (Notice of Change of Address).

- 1 -



Thames. See Court Docket No. 69. Plaintiff asserts that Thames was served with process by certified mail on March 13, 2013, failed to timely file a responsive pleading, and seeks entry of a judgment against this Defendant in the amount of $285,000. See also Court Docket No. 68 (service receipt). Plaintiff supplemented his motion with a separate filing on May 6, 2013.

The docket reflects that Thames filed her Answer on May 6, 2013, and in a response to Plaintiff's motion filed May 14, 2013 with accompanying affidavit states that she is no longer employed by the South Carolina Department of Corrections, initially thought the SCDC would respond for her, and seeks relief from any default. Thames further notes that she filed her answer prior to any default being entered by the Clerk, and that in any event the Plaintiff has failed to detail or properly calculate his damages from the alleged incidents at issue in this lawsuit, which would be required for entry of a default judgment by the Clerk. See Rule 55(b)(1), Fed.R.Civ.P.

The undersigned agrees with the Defendant that entry of a default judgment against her is not warranted in this case. Therefore, it is recommended that the Plaintiff's motion that a default judgment to be entered against the Defendant Thames be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 27, 2013
Charleston, South Carolina



- 2 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

- 3 -

